IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAN C. TOMPKINS,

        Petitioner,

v.

MARION FEATHER,

        Respondent.

Case No. 3:14-cv-00465-HZ

OPINION AND ORDER

Dan C. Tompkins, 70424-065
FCI Sheridan
P.O. Box 5000
Sheridan, OR 97378

    Petitioner, *Pro Se*

S. Amanda Marshall
United States Attorney
Douglas W. Fong, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

1 - OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the legality of his 2009 sentencing enhancement under the Armed Career Criminal Act ("ACCA"). For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On November 2, 2007, the Government charged petitioner with being a felon in possession of a firearm. The Indictment also alleged that petitioner had at least three qualifying felonies under the ACCA such that he faced a mandatory minimum 15-year sentence.

Following a two-day trial, a jury found petitioner guilty of being a felon in possession of a firearm. He proceeded to sentencing where the parties argued as to whether his criminal history included three prior violent felonies so as to qualify him for a sentencing enhancement under the ACCA. The trial judge determined that petitioner had five predicate offenses under the ACCA, including two second-degree burglary convictions from the State of Oklahoma that occurred in 1984. As a result, the court sentenced petitioner to 15 years in prison.

Petitioner took a direct appeal where he claimed that he did not have enough qualifying convictions to justify his 15-year ACCA sentence, but the Ninth Circuit disagreed and specifically

2 - OPINION AND ORDER

concluded that the two second-degree burglary convictions from Oklahoma constituted generic burglaries sufficient to support the 15-year ACCA sentence.[1] *United States v. Tompkins*, 365 Fed.Appx. 67 (9th Cir.), *cert. denied*, 130 S.Ct. 3435 (2010).

Petitioner next filed a 28 U.S.C. § 2255 motion seeking to vacate his sentence on the basis that his criminal history did not justify his 15-year sentence under the ACCA. The District Court denied the § 2255 motion on the basis that the Ninth Circuit had affirmed its finding that he was an armed career criminal, and the Ninth Circuit declined to issue a certificate of appealability.

On March 20, 2014, petitioner filed this 28 U.S.C. § 2241 habeas corpus action asserting that sentence is unlawful because his 1984 burglary convictions from Oklahoma do not constitute predicate offenses under the ACCA. He claims that pursuant to the Supreme Court's recent decision in *Descamps v. United States*, 133 S.Ct. 2276 (2013), the trial judge overreached his authority by taking extra-statutory documents into consideration and applying the modified categorical approach to the Oklahoma burglary statute which is overbroad, and not a divisible statute, and therefore not subject to the modified categorical approach. Respondent argues this case only on its merits, waiving any procedural argument as to

---

[1] Petitioner did not dispute that his 2003 conviction for Delivery of a Controlled Substance constituted a predicate offense for purposes of the ACCA.

3 - OPINION AND ORDER

whether petitioner's § 2241 Petition constitutes a successive § 2255 motion without Circuit permission.

## DISCUSSION

The ACCA provides for a 15-year mandatory minimum sentence for certain defendants who have three or more prior convictions for a violent felony such as burglary, arson, or extortion. 18 U.S.C. § 924(e). In order to determine whether a prior conviction constitutes a qualifying offense for the sentencing enhancement, a trial court can use the "categorical approach" to "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime--*i.e.*, the offense as commonly understood." *Descamps*, 133. S.Ct. at 2281. In this way, under the categorical approach, courts are restricted to reviewing only the elements of the crime without looking to any documents from the defendant's case.

Where a defendant has been convicted of a criminal statute that sets forth alternative pathways to culpability where not all of those pathways match the generic version of the crime, the statute is termed "divisible" and courts may use something called the "modified categorical approach" to determine if the particulars of the defendant's crime constitute a predicate offense for purposes of the ACCA. *Id.* In such an instance, "the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to

4 - OPINION AND ORDER

determine which alternative formed the basis of the defendant's prior conviction." *Id*. A court is not, however, permitted to review such additional documentation when a defendant is convicted under an indivisible statute that "criminalizes a broader swath of conduct than the relevant generic offense." *Id*.

The issue this case presents is whether the District Court properly applied the "modified categorical approach" to petitioner's second-degree burglary convictions from Oklahoma so as to enhance his sentence. The Ninth Circuit previously ruled on this very question, determining that "[u]nder the modified categorical approach . . . Tompkins's convictions qualify as violent felonies. The Information, a charging document, alleged each element of generic burglary by stating that Tompkins 'unlawfully' entered with 'burglarious intent' into a 'certain building' located at a specific address and owned by a particular business." *Tompkins*, 365 Fed.Appx. at 69. Petitioner's assertion that the Ninth Circuit misapplied existing precedent does not entitle him to relief in this court.

Petitioner also argues that because he pleaded guilty and waived his right to a jury trial as to the second-degree burglary convictions, the Supreme Court's *Descamps* decision (which post-dates the Ninth Circuit's analysis of the statute at issue) precludes application of the modified categorical approach to those prior convictions. But *Descamps* only precludes use of the modified

5 - OPINION AND ORDER

categorical approach in the context of indivisible statutes that are either overbroad or missing an element of the generic offense. *Descamps*, 133 S.Ct. at 2292. By contrast, the Oklahoma second-degree burglary statute is plainly divisible:

> Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel, or other structure or erection, in which property is kept, or breaks into or forcibly opens, any coin operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

21 Okl. St. § 1435.

Where the Oklahoma statute was divisible, use of the modified categorical approach was proper. As the State narrowly tailored its Information such that the charged conduct mirrored the generic definition of burglary, petitioner did not plead guilty to an offense that was different than that contemplated by the generic definition of burglary. *See* Government Sentencing Exhibit 2-1 (Oklahoma Information charging petitioner with limited portions of the second-degree burglary statute). Accordingly, relief on the Petition is denied.

## CONCLUSION

Petitioner's request for the appointment of counsel in the conclusion of his Reply brief (#18) is denied. For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of

the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this **20** day of October, 2014.

                            /s/ Marco A. Hernandez
                            Marco A. Hernández
                            United States District Judge

7 - OPINION AND ORDER